

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable E W. Easterling
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. 0-2236
Re: In the event the described
independent school district
is dissolved under Article
2767 or Articles 2922a, what
will be the status of the
territory?

We are in receipt of your letter of April 12, 1940, in which you request
the opinion of this department as to the proper procedure to be followed
in dissolving the Hampshire New Holland School District of Jefferson County.

You state that on September 5, 1927, the County Board of Trustees of
Jefferson County, under the provisions of Article 2922a, R. C. S.,
1925, grouped the Hampshire Common School District and New Holland School
District to form a rural high school district. In 1927, pursuant to an
election held for that purpose, such district was incorporated as an
independent district.

Your letter continues as follows:

"It is now the desire on the part of some of the residents of
this district to abolish the now existing independent district
and to continue under the original plan of two common school
districts.

"Our question to you is, What procedure is necessary to abolish
the district as it now stands? In the event the independent
district is dissolved either by the procedure outlined in Article
2767 or Article 2922a of the Statutes, what will be the status
of this territory? Will the original common school districts
from which sprang this one independent district be  automatically
revived by virtue of the dissolution, or will it revert to the
status of a rural high school district, which, in turn would
have to be dissolved before the two original districts could
continue to operate as they were originally, that is, as two
common school districts?

"Should the procedure outlined under Articles 2922a, et sea., R. C. S., 1929, be followed or should we proceed under Articles 2767, et seq., R. C. S., 1925?"

You were advised by this department in a letter opinion dated December 16, 1938, that the district should be dissolved under the provisions of Article 2922a, et seq.; however, you suggest that all the facts were not before the department at that time and therefore request our opinion.

The statutes of Texas contain no specific provision authorizing the incorporation of a rural high school district into an independent district; however, this department ruled in a letter opinion to Hon. Harley Alexander, dated March 18, 1930, that the territory composing a rural high school could be incorporated as an independent district. For the purpose of answering your questions, we assume the correctness of that opinion without passing thereon. In this connection, we also call attention to Acts 1931, 42nd Leg., Ch. 257, p. 117 (Art. 2742j, Sec. 2, Vernon's Tex. Civ. Statutes), validating the creation of independent and other school districts.

Article 2922a, R. C. S., 1925, sets out the procedure for abolishing a rural high school district and provides that the several elementary districts shall automatically revert back to their original status.

Article 2767, R. C. S. 1925, provides the procedure for abolishing an independent school district.

The two common school districts referred to in your letter become "elementary districts" within the meaning of Article 2922a, supra. Article 2922b, R. C. S., 1925, Upon being grouped for high school, they did not lose their separate identity and the grouping did not have the effect of abolishing the common school districts in the group. Chastain vs. Mauldin, (T. C. A. 1930) 32 S. W. (2d) 235.

Article 2767f. Vernon's Texas Civil Statutes, (Acts 1927, 40th Leg., Ch. 294, Sec. 1, p. 444) reads as follows:

"Upon the abolishment of an independent school district created by special or local law out of territory theretofore containing two or more common school districts, said common school district shall immediately come into existence by operation of law with the same boundaries they had prior to the creation of said independent school district; and all funds, property, rights and liablilities of the abolished independent school district may be divided as between the said common school districts by agreement between the trustees of said common school districts. In the event said trustees are unable to agree, decision shall be made by the county board

of school trustees for said funds, property, rights,
and liabilities to be apportioned to the said common
school districts in an equitable and just manner, taking
into consideration the property owned and the assets and
liabilities of said common school districts at the time
such independent school  district was created and also
taking into consideration the assets and liabilities coming
into existence after the formation of said independent
school district.  Any bonds issued by one of said common
school districts prior to the creation of said independent
school district shall be paid and retired by the common
school district issuing same, and taxes for that purpose
shall be levied and collected by said common school district.
Any moneys paid by such abolished independent school district
in connection with any such bond issue to take care of
interest or sinking fund, shall be paid back by the common
school district issuing such bonds in such an amount as
will be necessary to reimburse the other common school
district or districts in the territory of such abolished
independent school district.  High school children in any
common school district within the territory of any such
abolished independent school district which independent
school district was created out of two common school districts
shall have the right to attend school in the other common
school district within the territory composing any such
abolished independent school district without tuition,
provided such other common school district has not more
than 350 scholastic  population.  Any debt incurred by any
such abolished independent school district the benefits
of which accure particularly to one of said common school
districts shall be taken over by said common school district."

It will be noted that this Article does not provide that upon the abol-
ishment of an independent district, out of territory theretofore
containing two or more common school districts, the territory shall
revert to its former status before  incorporation, but that the common
school districts shall immediately come into existence by operation of
law with the same boundaries they had prior to incorporation.  The
intervening step of grouping for high school purposes did not affect
the boundaries of the common school districts, but in our opinion, the
act of creating an independent district completely destroyed the act of
the County Board in grouping the common school districts under Article
2922b.

It is our opinion that the independent school district referred to in your letter may be dissolved under the provisions of Article 2767, R. C. S., 1925, and upon the abolition of such district, the two former common school districts will come into existence by operation of law as common school districts and not as a rural high school district.  It will therefore be unnecessary to also comply with the provisions of Article 2922a, R. C. S., 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/  Cecil C. Cammack


By
        Cecil C. Cammack
        Assistant

CCC:oe-ldw

APPROVED JUN. 1, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN